**Scott Marvin MALOSH, Petitioner,**

v.

**Joseph H. CRABTREE, et al., Respondents.**

**Civ. No. 91–30–FR.**

United States District Court, D. Oregon.

March 8, 1991.

Scott Marvin Malosh, Sheridan, Or., petitioner, pro se.

Charles H. Turner, U.S. Atty., Robert B. Ross, Asst. U.S. Atty., Portland, Or., for respondents.

## OPINION

FRYE, District Judge:

The matter before the court is the petition for a writ of habeas corpus filed by Scott Marvin Malosh seeking an order of this court requiring the Bureau of Prisons to credit against his federal sentence the time he resided in and worked at Fort

Lewis Army Base, Fort Lewis, Washington.

## FACTS

Malosh is a prisoner at FCI Sheridan. He was sentenced on December 29, 1989 to thirty months in prison for the crime of bank robbery. He began to serve his sentence on January 26, 1990. The Bureau of Prisons projects a release date of February 14, 1992.

At the time Malosh was arrested and charged with the crime of bank robbery, he was an active member of the United States Army stationed at Fort Lewis, Washington. As a condition of pretrial release, he was required to reside on base at Fort Lewis, not to leave the base except to attend court appearances or in connection with his military duties. Malosh seeks an order of this court requiring the Bureau of Prisons to credit against his prison sentence the 129 days he spent at Fort Lewis prior to his conviction for bank robbery.

## CONTENTIONS OF THE PARTIES

Malosh contends that the restrictions imposed on him while he was confined to Fort Lewis are as severe or more severe than the restrictions imposed upon pretrial detainees lodged in community treatment centers. *See Brown v. Rison*, 895 F.2d 533 (9th Cir.1990). Respondents argue that Malosh has failed to exhaust his administrative remedies and that, in any case, he would not be entitled to credit for time served at Fort Lewis because it was not spent "in official detention" as required by 18 U.S.C. § 3585.

## ANALYSIS

■ This court requires Malosh to exhaust his administrative remedies prior to seeking relief from this court. However, the exhaustion of administrative remedies is not a statutory requirement, and failure to exhaust administrative remedies does not deprive the court of jurisdiction. *Brown*, 895 F.2d at 535.

■ In *Brown*, the Ninth Circuit concluded that the petitioner was entitled to credit for the time he spent in a community treatment center because he was "in custody" for the purposes of 18 U.S.C. § 3568. By the time Malosh was sentenced, section 3568 had been repealed. Malosh was sentenced under 18 U.S.C. § 3585, which provides credit against his sentence for time spent "in official detention." The court concludes that the condition of release that Malosh reside at and remain upon the premises of Fort Lewis at a time when he was on active status in the United States Army does not amount to time spent "in official detention" for the purposes of 18 U.S.C. § 3585.

## CONCLUSION

The court adopts the reasoning of respondents. Malosh's petition for habeas corpus relief under 28 U.S.C. § 2241 is denied. The court will file a judgment in favor of respondents as of this date.

## JUDGMENT

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of respondents and against petitioner.